## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| PETER M. GUYNN, | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 1:16-cv-02177-SEB-DKL |
| | ) |
| BLATT, HASENMILLER, LEIBSKER | ) |
| & MOORE, LLC | ) |
|     Defendant. | ) |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt"), by counsel, provides the following Memorandum of Law in support of its Motion for Summary Judgment.

## INTRODUCTION

Plaintiff, Peter M. Guynn ("Guynn") enjoyed the benefit of a Bank of America, N.A. ("BANA") credit card account for over seven years. Unfortunately, Guynn defaulted on his account ("the Guynn Account"). On June 29, 2016, Blatt, on behalf of BANA, filed an action in Marion County, Indiana Superior Court seeking a judgment for the outstanding balance due on the Guynn Account. Guynn filed an answer in the Marion Superior Court lawsuit and did not contest venue. However, Guynn then filed a lawsuit against Blatt in federal court, alleging that Blatt sued Guynn in the wrong venue pursuant to the Fair Debt Collection Practices Act ("FDCPA").

1

Guynn's claim fails as a matter of law because Guynn resided in Marion County, Indiana on June 29, 2016 when Blatt filed the action in Marion Superior Court on behalf of BANA.  Furthermore, even if the Court finds a violation of the FDCPA, Blatt is entitled to summary judgment on its bona fide error defense because it has shown by a preponderance of evidence that the alleged violation, if there was one, was unintentional, resulted from a bona fide error, and Blatt maintained procedures reasonably adapted to avoid such error.

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1.     On or about March 8, 2016, Bowman, Heintz, Boscia & Vician, P.C. ("Bowman Heintz") received a New Business Download from BANA regarding the Guynn Account.  (Affidavit of Thomas A. Burris ("Burris Affidavit") ¶ 3; Affidavit of Gerald E. Bowman ("Bowman Affidavit") ¶ 3.)  (A copy of the Burris Affidavit is attached hereto as **Exhibit "A."**  A copy of the Bowman Affidavit is attached hereto as **Exhibit "B."**)

2.     In sending the New Business Download, BANA requested that Bowman Heintz file a collection action against Guynn for the outstanding balance owed on the Guynn Account.  (Burris Affidavit ¶ 4; Bowman Affidavit ¶ 4.)

3.     The New Business Download from BANA contained Guynn's name, Social Security number, address denoted as P.O. Box 68613, Indianapolis, IN 46268, phone number, charge off date, date of last pay, and other account specific information.  (Burris Affidavit ¶ 5, Exhibit 1; Bowman Affidavit ¶ 5, Exhibit 1.)

4.    Bowman Heintz had and Blatt has a multi-step process series for new business to review new consumer debt accounts transmitted to the firm to ensure accuracy.  (Burris Affidavit ¶ 6; Bowman Affidavit ¶ 6.)

5.    This process requires repeated review of work performed by staff persons, paralegals, and attorneys on individual accounts to avoid errors and omissions that could result in a violation of the FDCPA.  (Burris Affidavit ¶ 7; Bowman Affidavit ¶ 7.)

6.    Bowman Heintz had and Blatt has an electronic interface to receive file information in an electronic or digital format.  Such digital information was downloaded directly onto Bowman Heintz's proprietary database, and is downloaded directly onto Blatt's proprietary database.  This process eliminates the chance of clerical errors in database transmission.  (Burris Affidavit ¶ 8; Bowman Affidavit ¶ 8.)

7.    The consumer debt files were and are electronically transmitted to the Data Operations Department of Bowman Heintz and Blatt.  The Data Operations Department is trained to review information received from BANA on consumer debt accounts.  (Burris Affidavit ¶ 9; Bowman Affidavit ¶ 9.)

8.    The Data Operations Clerks were and are responsible for running computer programs to issue Bowman Heintz and Blatt initial written notice letters, pursuant to the FDCPA, 15 U.S.C. § 1692g, on every consumer debtor account opened by the firm.  The initial written notice letter is then automatically produced by the computer.  (Burris Affidavit ¶ 10; Bowman Affidavit ¶ 10.)

9.     Initial written notice letters were reviewed by Bowman Heintz attorneys, and are reviewed by Blatt attorneys, to ensure accuracy of client transmitted data, which includes but is not limited to: (1) principal amount; (2) interest amount; (3) interest rate; (4) last date of payment; (5) last payment amount; (6) consumer name; (7) consumer address; and (8) consumer Social Security number.  (Burris Affidavit ¶ 11; Bowman Affidavit ¶ 11.)

10.     The attorneys approve the initial written notice letters if all information is accurate.  (Burris Affidavit ¶ 12; Bowman Affidavit ¶ 12.)

11.     Bowman Heintz utilized, and Blatt utilizes a third party letter vendor, RevSpring, to mail its initial written notice letters.  (Burris Affidavit ¶ 13; Bowman Affidavit ¶ 13.)

12.     RevSpring provided Bowman Heintz, and provides Blatt with Address Change Service ("ACS").  ACS is the United States Postal Service ("USPS") service that provides for the electronic return of address updates and return mail notification post mailing.  (Burris Affidavit ¶ 14.)

13.     RevSpring is in the business of processing and sending collection letters for its clients.  (Affidavit of Revspring ¶ 3.)  (A copy of the Affidavit of RevSpring is attached hereto as **Exhibit "C."**)

14.     RevSpring processes and mails, by USPS First Class Mail, collection letters within 24 hours of receiving a request from its client, utilizing address information provided by its clients and the National Change of Address ("NCOA")

database to verify the debtor's address.  (Affidavit of RevSpring ¶ 4; Burris Affidavit ¶ 15.)

15.     The NCOA database is a service offered by RevSpring to track consumers who file a change of address with the USPS.  (Affidavit of RevSpring ¶ 5.)

16.     If RevSpring discovers a new address, the address is automatically updated prior to mailing a letter.  (Burris Affidavit ¶ 16.)

17.     On March 11, 2016, Thomas A. Burris ("Burris") uploaded to RevSpring an initial written notice letter for the Guynn Account, containing all requisite FDCPA disclosures, advising of Bowman Heintz's representation, and denoting the balance BANA claimed Guynn owed.  (Burris Affidavit ¶ 17; Affidavit of RevSpring ¶ 14.)

18.     Pursuant to RevSpring's findings from the NCOA, Guynn's address was denoted as P.O. Box 68613, Indianapolis, IN 46268, in Marion County, Indiana. (Bowman Affidavit ¶ 16; Burris Affidavit ¶ 18.)

19.     Thereafter, Burris took the following steps to approve the initial written notice letter:

- First, Burris accessed his secure RevSpring customer portal by entering his individual password.  (Burris Affidavit ¶ 19(a).)

- Second, Burris selected the subject letter for the Guynn account. (Burris Affidavit ¶ 19(b).)

- Third, Burris reviewed and validated the letter data against data found in the New Business Download, checked the account scrub history (reviewing for bankruptcy information, Servicemembers Civil Relief Act information, and FDCPA litigant information), reviewed the

5

account for any disputes, verified that Guynn was not currently represented by counsel, and confirmed that Guynn's address was located in Indiana.  (Burris Affidavit ¶ 19(c).)

- Lastly, Burris approved transmission of the initial written notice letter.  (Burris Affidavit ¶ 19(d).)

(Burris Affidavit ¶ 19.)

20.    On March 14, 2016, RevSpring mailed the letter to Guynn at P.O. Box 68613, Indianapolis, IN 46268.  (Bowman Affidavit ¶ 17, Exhibit 2; Burris Affidavit ¶ 20, Exhibit 2; Affidavit of RevSpring ¶ 15, Exhibit 1.)

21.    The March 14, 2016 letter was successfully mailed and was not returned undelivered by the USPS.  (Bowman Affidavit ¶ 18; Burris Affidavit ¶ 21.)

22.    On or around April 16, 2016, Blatt acquired Bowman Heintz.  (Bowman Affidavit ¶ 19; Burris Affidavit ¶ 22.)

23.    Blatt purchased all of Bowman Heintz's assets.  (Deposition of Thomas Albert Burris ("Burris Deposition"), p.5, lines 6-10.)  (A copy of the Burris Deposition is attached hereto as **Exhibit "D."**)

24.    Blatt's asset purchase included the purchase of all Bowman Heintz policies.  Such policies are in the process of being merged with Blatt policies.  (Burris Deposition p.37, line 25, p.38, lines 1-16.)

25.    On April 20, 2016, Blatt, as a new debt collector, uploaded to RevSpring an initial written notice letter for the Guynn Account, again containing all requisite FDCPA disclosures, advising of Blatt's representation, and denoting the balance BANA claimed Guynn owed.  (Bowman Affidavit ¶ 20; Burris Affidavit ¶ 23.)

26. Pursuant to RevSpring's findings from the NCOA, Guynn's address was denoted as P.O. Box 68613, Indianapolis, IN 46268, in Marion County, Indiana. (Bowman Affidavit ¶ 21; Burris Affidavit ¶ 24.)

27. Thereafter, Burris took the following steps to approve the initial written notice letter:

- First, Burris accessed his secure RevSpring customer portal by entering his individual password. (Burris Affidavit ¶ 25(a).)

- Second, Burris selected the subject letter for the Guynn account. (Burris Affidavit ¶ 25(b).)

- Third, Burris reviewed and validated the letter data against data found in the New Business Download, checked the account scrub history (reviewing for bankruptcy information, Servicemembers Civil Relief Act information, and FDCPA litigant information), reviewed the account for any disputes, verified that Guynn was not currently represented by counsel, and confirmed that Guynn's address was located in Indiana. (Burris Affidavit ¶ 25(c).)

- Lastly, Burris approved transmission of the initial written notice letter. (Burris Affidavit ¶ 25(d).)

(Burris Affidavit ¶ 25.)

28. On April 21, 2016, RevSpring mailed the letter to Guynn at P.O. Box 68613, Indianapolis, IN 46268. (Bowman Affidavit ¶ 22, Exhibit 3; Burris Affidavit ¶ 26, Exhibit 3; Affidavit of RevSpring ¶ 17, Exhibit 2.)

29. The April 21, 2016 letter was successfully mailed and was not returned undelivered by the USPS. (Bowman Affidavit ¶ 23; Burris Affidavit ¶ 27.)

30. Thereafter, Blatt's suit decision process commenced following expiration of the 30 day written notice period required under the FDCPA, and upon

receipt of the state mandated Affidavit of Debt required pursuant to Indiana Trial

Rule 9.2(A).  (Bowman Affidavit ¶ 24.)

    31.    Blatt utilized the following process to prepare a lawsuit ("the State

Court Lawsuit") against Guynn:

- Blatt's Suit Dictation specialist accessed the Guynn account and utilized a comprehensive Lawsuit Dictation/Approval checklist, validating the required fields in the checklist against the individual Guynn account.  (Bowman Affidavit ¶ 25(a).)

- Blatt's Suit Dictation specialist confirmed a residential address for Guynn in Marion County by reviewing the Marion County Assessor website.  The Marion County Assessor website confirmed that Guynn owned property located at 6352 Stonecreek Dr., Indianapolis, IN 46268, and listed Guynn's address as 6352 Stonecreek Dr., Indianapolis, IN 46268.  This address was denoted on Guynn's BANA billing statements and BANA Notice of Change in Account Terms documents.  (Bowman Affidavit ¶ 25(b).)[1]

- After the Guynn account was validated, Blatt's Suit Dictation specialist input the appropriate pleading documents based on a proprietary matrix for the specific jurisdiction, Marion County.  The pleading documents for the Guynn account included the summons, complaint, Affidavit of Debt, credit card billing statement, and Affidavit of Non-Military Service.  The pleading documents were separately and clearly identified for attorney review.  (Bowman Affidavit ¶ 25(c).)

- The pleading documents were then loaded into a Suitwork Document Approval queue for attorney review.  (Bowman Affidavit ¶ 25(d).)

- Gerald E. Bowman ("Bowman") was the attorney who reviewed the Guynn State Court Lawsuit.  (Bowman Affidavit ¶ 25(e).)

- Pursuant to Bowman Heintz's Suit Decision and Approval Process Policy and Procedure, a policy and procedure utilized by Bowman when reviewing the Guynn State Court Lawsuit, Bowman reviewed the

---

[1] Defendant's counsel, on April 25, 2017, viewed the Marion County, Indiana Assessor website, located at http://maps.indy.gov/AssessorPropertyCards/.  The Indiana Property Record Card for the property located at 6352 Stonecreek Dr., Indianapolis, IN 46268, lists Peter M. Guynn as the owner, with the owner's address denoted as 6352 Stonecreek Dr., Indianapolis, IN 46268.

Guynn lawsuit packet, utilizing the Lawsuit Dictation/Approval checklist to validate information, including but not limited to ensuring the correct parties were denoted, ensuring the dollar figures were correct, ensuring Blatt was complying with all client policies and procedures, reviewing for any statute of limitations issues, ensuring appropriate exhibits were included, and ensuring the lawsuit would be filed in the appropriate jurisdiction. (Bowman Affidavit ¶ 25(f), Exhibit 4; Burris Deposition p.38, lines 21-23, Exhibit 13.)

- Bowman exercised independent judgment based on BANA's standards and Indiana Trial Rule 11 when determining to approve the Guynn State Court Lawsuit. (Bowman Affidavit ¶ 25(g).)

- Bowman approved the Guynn State Court Lawsuit in his Suitwork Document Approval queue. (Bowman Affidavit ¶ 25(h).)

- Next, the pleading documents were printed and merged into a new lawsuit packet for Bowman's signature and final approval. (Bowman Affidavit ¶ 25(i).)

- Finally, Bowman signed an original copy of the Guynn State Court Lawsuit and returned the approved lawsuit to Blatt's Court Typing Department personnel who attached a required court cost check and mailed the lawsuit to the Court for filing. (Bowman Affidavit ¶ 25(j).)

(Bowman Affidavit ¶ 25.)

32.    On June 29, 2016, Blatt filed the State Court Lawsuit against Guynn on behalf of BANA, captioned <u>Bank of America, N.A. vs. Peter M. Guynn</u>, in the Marion Superior Court 3, under Cause Number 49D03-1606-CC-23219. (Bowman Affidavit ¶ 26, Exhibit 5.)

33.    When Blatt prepared the State Court Lawsuit against Guynn, Blatt had no reason to believe Marion County, Indiana was an incorrect venue for BANA to file its lawsuit for numerous reasons:

- First, neither Bowman Heintz's letter of March 14, 2016, nor Blatt's letter of April 21, 2016 was returned undelivered from the United States Postal Service. (Bowman Affidavit ¶ 27(a).)

9

- Second, neither Bowman Heintz nor Blatt received a telephone call from Guynn indicating that he did not live in Indianapolis, Indiana. (Bowman Affidavit ¶ 27(b); Burris Deposition, p.43, lines 6-10.)

- Third, on March 11, 2016, Bowman Heintz mailed a Request for Change of Address of Boxholder Information letter to the United States Post Office, requesting the name and/or street address of Peter M. Guynn, P.O. Box 68613, Indianapolis, IN 46268.  (Bowman Affidavit ¶ 27(c).)  The United States Post Office responded on March 16, 2016, denoting that the letter was "good as addressed" at P.O. Box 68613, Indianapolis, IN 46268, in Marion County.  (Bowman Affidavit ¶ 27(d), Exhibit 6; Defendant's Response to Plaintiff's First Request for Production to Defendant ("Defendant's First Discovery Response") p.13.) (A copy of Defendant's First Discovery Response is attached hereto as **Exhibit "E."**)

- Fourth, neither Bowman Heintz, Blatt, nor RevSpring received any record from the NCOA database indicating that Guynn did not reside in Marion County, Indiana.  (Bowman Affidavit ¶ 27(e).)

- Fifth, Guynn's BANA billing statements were addressed to 6352 Stonecreek Dr., Indianapolis, IN 46268.  (Bowman Affidavit ¶ 27(f), Exhibit 7; Defendant's First Discovery Response p.14-69.)  Guynn's BANA Cardholder Agreement under the section titled "7.4 Change of Personal Information," states, "You will notify us in writing immediately if you change your name, address, or home or business telephone number."  (Defendant's First Discovery Response p.71.)  Guynn's BANA billing statements each state, "If your billing address or contact information has changed, or if your address is incorrect as it appears on this bill, please provide all corrections here."  (Defendant's First Discovery Response p.14-69.)

- Sixth, Guynn's most recent BANA Notice of Change of Account Terms, dated September 2013, was also mailed to 6352 Stonecreek Dr., Indianapolis, IN 46268.   (Bowman Affidavit ¶ 27(g), Exhibit 8; Defendant's First Discovery Response p.133-140.)

- Lastly, Blatt, on June 20, 2016, reviewed the Marion County, Indiana Assessor website.  The Marion County, Indiana Assessor website confirms that Guynn is the owner of the property located at 6352 Stonecreek Dr., Indianapolis, IN 46268, and provides Guynn's address as 6352 Stonecreek Dr., Indianapolis, IN 46268. (Bowman Affidavit ¶ 27(h), Exhibit 9; Defendant's First Discovery Response p.80-82.)

10

(Bowman Affidavit ¶ 27.)

34.     In preparing the State Court Lawsuit, Blatt relied on the above information, and no one from Blatt had any information indicating that Marion County, Indiana was not the correct venue to file a lawsuit.  (Bowman Affidavit ¶ 28.)

35.     The State Court Lawsuit Summons was addressed to Guynn at 6352 Stonecreek Dr., Indianapolis, IN 46268.  (Burris Deposition p.36, lines 1-7, Exhibit 11; Defendant's First Discovery Response p.96.)

36.     Guynn was served with the State Court Lawsuit and filed an Answer to BANA's Complaint on July 18, 2016.  (Bowman Affidavit ¶ 29, Exhibit 10; Defendant's First Discovery Response p.98.)

37.     Guynn's Answer to the State Court Lawsuit did not allege incorrect venue under Indiana Trial Rule 75 or any statutory provision.  (Bowman Affidavit ¶ 30; Defendant's First Discovery Response p.98.)

38.     In addition, Guynn's Answer to the State Court Lawsuit did not provide a residential address different from the address where he was served, 6352 Stonecreek Dr., Indianapolis, IN 46268.  (Defendant's First Discovery Response p.98.)

39.     Blatt utilizes internal skip tracing to conduct people, address, and asset searches to either verify information or to discover new information regarding individuals provided by Blatt's clients.  (Affidavit of Eric R. Schaafsma ("Schaafsma

Affidavit") ¶ 3.)  (A copy of the Schaafsma Affidavit is attached hereto as **Exhibit "F."**)

40.     Blatt employee, Eric R. Schaafsma ("Schaafsma"), utilizes LexisNexis Accurint Person Search Plus ("Accurint") and TransUnion TLOxp ("TLO") to verify information or to discover new information.  (Schaafsma Affidavit ¶ 4.)

41.     On August 17, 2016, Schaafsma conducted a search on Accurint with the following search terms:  Last Name: Guynn; First Name: Peter; City: Indianapolis; State: Indiana.  The search results found Peter M. Guynn with addresses located in Indianapolis, Indiana.  (Schaafsma Affidavit ¶ 5, Exhibit 1.)

42.     On August 17, 2016, Schaafsma conducted a search on TLO for people named Peter Guynn located in Indianapolis, Indiana.  The search results found Peter M. Guynn with addresses located in Indianapolis, Indiana.  (Schaafsma Affidavit ¶ 6, Exhibit 2.)

43.     On August 17, 2016, Schaafsma conducted a search on TLO for people named Peter Guynn located in Edwardsville, Illinois.  TLO modified the search from people named Peter Guynn located in Edwardville, Illinois to people named Peter Guynn located in Illinois because no results were found using the original search terms.  (Schaafsma Affidavit ¶ 7, Exhibit 3.)  The single result was for an address located at 5521 W. 81st Pl., Burbank, Illinois 60456, dated December 15, 1986 to December 1, 1993.  (Schaafsma Affidavit ¶ 7, Exhibit 3.)

44.     On January 25, 2017, Schaafsma conducted a Voter Registration search on Accurint using the following search terms: Last Name: Guynn; First

Name: Peter; Street: 124 N. Main St. Apt. B; City: Edwardsville; State: Illinois.  The search did not find any records.  (Schaafsma Affidavit ¶ 9, Exhibit 5.)

45.   On January 25, 2017, Schaafsma conducted a driver license search on Accurint using the following search terms: Last Name: Guynn; First Name: Peter; Street: 124 N. Main St. Apt. B; City: Edwardsville; State: Illinois.  No records were found.  (Schaafsma Affidavit ¶ 10, Exhibit 6.)

46.   On January 25, 2017, Schaafsma conducted a driver license search on Accurint using the following search terms:  Social Security number: XXX-XX-4781.  One record was found for "Peter M. Guynn" with an address located in Indianapolis, Indiana.  (Schaafsma Affidavit ¶ 11, Exhibit 7.)

47.   Blatt also reviewed records provided by the Indiana Department of Local Government Finance website.  (Defendant's First Discovery Response p.146-149.)

48.   The Indiana Department of Local Government Finance website states that for the Assessment Year 2012, the property located at 6352 Stonecreek Dr., Indianapolis, IN 46268 was owned by Peter M. Guynn, with the owner's address denoted as 6352 Stonecreek Dr., Indianapolis, IN 46268.   (Defendant's First Discovery Response p.146.)

49.   The Indiana Department of Local Government Finance website states that for the Assessment Year 2013, the property located at 6352 Stonecreek Dr., Indianapolis, IN 46268 was owned by Peter M. Guynn, with the owner's address

denoted as 6352 Stonecreek Dr., Indianapolis, IN 46268.   (Defendant's First Discovery Response p.147.)

50.     The Indiana Department of Local Government Finance website states that for the Assessment Year 2014, the property located at 6352 Stonecreek Dr., Indianapolis, IN 46268 was owned by Peter M. Guynn, with the owner's address denoted as 6352 Stonecreek Dr., Indianapolis, IN 46268.   (Defendant's First Discovery Response p.148.)

51.     The Indiana Department of Local Government Finance website states that for the Assessment Year 2015, the property located at 6352 Stonecreek Dr., Indianapolis, IN 46268 was owned by Peter M. Guynn, with the owner's address denoted as 6352 Stonecreek Dr., Indianapolis, IN 46268.   (Defendant's First Discovery Response p.149.)[2]

52.     Every employee at Blatt, including all attorneys and support staff, must pass FDCPA training before handling any account.  (Bowman Affidavit ¶ 31; Burris Affidavit ¶ 28.)

53.     Every employee at Blatt, including all attorneys and support staff, must complete additional FDCPA training annually.  (Bowman Affidavit ¶ 32; Burris Affidavit ¶ 29.)

---

[2] Defendant's counsel, on April 25, 2017, viewed the Indiana Department of Local Government Finance website, located at https://secure.in.gov/dlgf/4931.htm.  Peter M. Guynn remains listed as the owner of the property located at 6352 Stonecreek Dr., Indianapolis, IN 46268.  Peter M. Guynn's address remains denoted as 6352 Stonecreek Dr., Indianapolis, IN 46268.  The property located at 6352 Stonecreek Dr., Indianapolis, IN 46268 was appraised on July 1, 2016.

14

## LEGAL ARGUMENT

**I.   Standard of Law.**

Federal Rule of Civil Procedure 56(a) states that the court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The court construes all facts and draws all reasonable inferences in the light most favorable to the non-moving party.  Blue v. Hartford Life & Acc. Ins. Co., 698 F.3d 587, 595 (7th Cir. 2012).  After the moving party demonstrates the absence of a genuine issue for trial, the non-movant must "go beyond the pleadings" and identify evidence of a genuine factual dispute that would preclude the entry of summary judgment.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  If a party fails to present proof on an essential element of his case, then all other facts become necessarily immaterial.  Ribando v. United Airlines, Inc., 200 F.3d 507, 509 (7th Cir. 1999).

**II.   Blatt's filing of the State Court Lawsuit in Marion County, Indiana is not a violation of the FDCPA because Guynn resides in Marion County, Indiana.**

The FDCPA states that any debt collector who brings any legal action on a debt against any consumer shall "bring such action only in the judicial district…in which such consumer ***resides*** at the commencement of the action."  15 U.S.C. § 1692i.  (Emphasis added.)  The terms "residence" and "resides" aren't defined by the FDCPA, and as a general principal, have no fixed or precise meaning in the law.  Black's Law Dictionary defines "residence" as follows:

> The place where one actually lives, as distinguished from a domicile…Residence usually just means bodily presence as an inhabitant in a given place; domicile usually requires bodily presence plus an intention to make the place one's home. ***A person thus may have more than one residence at a time*** but only one domicile.

Black's Law Dictionary (10th ed. 2014).   Guynn's residence is Marion County, Indiana.

First, Guynn owns the property located at 6352 Stonecreek Dr., Indianapolis, Indiana 46268, in Marion County.  Guynn's ownership is confirmed by the Marion County Assessor website and corroborated by information found on the Indiana Department of Local Government Finance website.  In addition, Guynn's BANA billing statements and multiple change in terms documents were all mailed to 6352 Stonecreek Dr., Indianapolis, Indiana 46268.

Second, Guynn was served with the State Court Lawsuit at 6352 Stonecreek Dr., Indianapolis, Indiana 46268 and filed an Answer on July 18, 2016.  Guynn's Answer to the State Court Lawsuit did not allege incorrect venue under Indiana Trial Rule 75 or any statutory provision.  Furthermore, Guynn's Answer to the State Court Lawsuit did not provide a residential address different from the address where he was served, 6352 Stonecreek Dr., Indianapolis, IN 46268.

Third, skip tracing efforts confirm Guynn resides in Indianapolis, Indiana. Accurint and TLO people, asset, and address searches find Guynn associated with addresses located in Indianapolis, Indiana.  Not surprisingly, conducting a TLO search for individuals named Peter Guynn located in Edwardsville, Illinois did not produce any positive hits.

Fourth, TLO did not identify any individuals registered to vote when performing a search for individuals named Peter Guynn located at 124 N. Main St. Apt. B, Edwardsville, Illinois.

Finally, an Accurint driver license search for individuals named Peter Guynn located at 124 N. Main St. Apt. B, Edwardsville, Illinois did not produce any hits. However, an Accurint driver license search using Guynn's Social Security number as a search term resulted in a hit – "Peter M. Guynn" with an address located in Indianapolis, Indiana.

Guynn resides in Marion County, Indiana.  Blatt properly filed the State Court Lawsuit on behalf of BANA in Marion Superior Court.  Blatt requests that the Court enter summary judgment in its favor.

### III.   Even if the Court finds a violation of the FDCPA, Blatt is entitled to Summary Judgment on its bona fide error defense pursuant to 15 U.S.C. § 1692k(c).

Guynn alleges that he did not reside in Marion County, Indiana at the time the State Court Lawsuit was filed, and instead, lived in Edwardsville, Illinois. (Complaint ¶ 8.)  Therefore, Guynn alleges Blatt violated 15 U.S.C. § 1692i. (Complaint ¶ 10.)  Even assuming that Blatt, by filing the State Court Lawsuit in Marion County, Indiana, violated the FDCPA, Blatt prevails under the FDCPA's bona fide error defense because the alleged violation in this case (1) was unintentional; (2) resulted from a bona fide error; and (3) occurred despite Blatt's maintenance of procedures reasonably adapted to avoid such error.

The FDCPA states that any debt collector who brings any legal action on a debt against any consumer shall "bring such action only in the judicial district…in which such consumer resides at the commencement of the action."   15 U.S.C. § 1692i.   However, a debt collector may escape liability by asserting the bona fide error defense, where the debt collector shows by a preponderance of evidence that the violation (1) was unintentional; (2) resulted from a bona fide error; and (3) occurred despite the debt collector's maintenance of procedures reasonably adapted to avoid such error.   15 U.S.C. § 1692k(c); <u>Ruth v. Triumph Partnerships</u>, 577 F.3d 790, 803 (7th Cir. 2009.)

Unlike the present case, where Blatt had no reason to believe Guynn resided anywhere other than Marion County, Indiana, the vast majority of case law interpreting 15 U.S.C. § 1692i analyzes the definition of the term "judicial district or similar legal entity" with respect to limiting abusive forum-shopping by debt collectors.   (See <u>e.g.</u> <u>Suesz v. Med-1 Solutions, LLC,</u> 757 F.3d 636 (7th Cir. 2014), <u>cert. denied</u> 135 S.Ct. 756 (U.S. 2014)).   Published cases analyzing a bona fide error defense applied to a 15 U.S.C. § 1692i claim and evidencing a mistake of fact are scarce, presumably because they are mostly fact driven inquiries.   However, the Northern District of Illinois, in <u>Parkis v. Arrow Financial Services, LLC</u>, 2008 WL 94798 (N.D. Ill. 2008), issued an opinion fairly analogous to the fact pattern in the instant case reviewing a bona fide error defense applied to a 15 U.S.C. § 1692i claim.

In <u>Parkis</u>, a law firm was retained by Arrow Financial Services, LLC ("Arrow") to sue the consumer for the outstanding balance due on a delinquent credit card account. <u>Id.</u> at *1. At the time of placement, and before any letters or calls were sent, the law firm ran the account through various scrubs to ensure the data provided by its client was accurate. <u>Id.</u> The law firm's legal clerks reviewed the account to ensure it was eligible for suit. <u>Id.</u> The complaint was then prepared by a law clerk who reviewed the account information to ensure the suit was in the correct venue. <u>Id.</u> An attorney then reviewed the account before signing the complaint. <u>Id.</u>

Thereafter, the law firm filed a lawsuit on behalf of Arrow against the consumer in the Circuit Court of Cook County. <u>Id.</u> at *2. When the Cook County sheriff attempted to serve the summons on the consumer, the sheriff realized the consumer actually resided in Winnebago County. <u>Id.</u> Thereafter, the law firm ran a second scrub and identified the consumer's correct residence in Winnebago County and the case was ultimately transferred to Winnebago County. <u>Id.</u>

The consumer then brought an action against Arrow and the law firm, claiming numerous violations of the FDCPA, including a violation for filing a lawsuit in an incorrect venue pursuant to 15 U.S.C. § 1692i. <u>Id.</u> The law firm contended that the consumer's 15 U.S.C. § 1692i claim for improper venue was barred because the law firm adopted reasonable procedures to prevent lawsuits from being filed in the wrong venue. <u>Id.</u> at *8.

19

The Court found that the law firm did not intentionally file in the wrong venue, and acted in bona fide error notwithstanding procedures reasonably adapted to avoid such error.  Id.  In particular, the Court considered the law firm's scrubbing the account name and address, reviewing the zip code information to check for correct venue, and sending various letters to what the law firm believed to be the consumer's address.  Id.  The Court also considered that the law firm had no reason to believe the Cook County address was invalid because of lack of returned mail from the USPS and lack of returned telephone calls from the consumer.  Id.  The Court held that the law firm had procedures to scrub and screen the address and zip code to ensure that venue was proper.  Id.

In the present case, Blatt contends that no violation of the FDCPA occurred because the State Court Lawsuit was properly filed in Marion County.  However, similar to Parkis, in the event the Court finds that a violation exists, Blatt is entitled to summary judgment pursuant to the FDCPA's bona fide error defense because by a preponderance of evidence the alleged violation (1) was unintentional; (2) resulted from a bona fide error; and (3) occurred despite Blatt's maintenance of procedures reasonably adapted to avoid such error.

## A. If the Guynn lawsuit was filed in an incorrect venue, such violation was unintentional.

Blatt did not specifically intend to violate the FDCPA when filing the State Court Lawsuit against Guynn in Marion Superior Court.   For purposes of the FDCPA's bona fide error defense, a debt collector need only show that its FDCPA

violation was unintentional, not that its actions were unintentional.   Kort v. Diversified Collection Services, Inc., 394 F.3d 530, 537 (7th Cir. 2005).  Blatt filed the State Court Lawsuit against Guynn in Marion Superior Court because Blatt believed, and still believes, that Guynn resides in Marion County.

Prior to Blatt's acquisition of Bowman Heintz, Bowman Heintz received a New Business Download from its client, BANA, for the Guynn account, indicating that Guynn maintained a P.O. Box in Indianapolis, Indiana.  Bowman Heintz also received a selection of billing statements and Change in Terms documents for the Guynn account, addressed to Guynn at 6352 Stonecreek Dr., Indianapolis, Indiana 46268.  Blatt and Bowman Heintz utilize a multi-step process series to review accounts, such as the Guynn account, to ensure accuracy.  Blatt and Bowman Heintz Data Operations Clerks run various computer programs to issue initial written notice letters which are then automatically generated by the computer.

Thereafter, initial written notice letters are reviewed by attorneys to ensure accuracy of client transmitted data.  The attorneys only approve initial written notice letters if all information is accurate.  Blatt and Bowman Heintz use a third party vendor, RevSpring, to mail initial written notice letters.   In this case, RevSpring, utilizing ACS and the NCOA database, indicated that Guynn's address was P.O. Box 68613, Indianapolis, IN 46268, in Marion County, Indiana.  Bowman Heintz and Blatt attorneys approved the initial written notice letters that were sent to Guynn on March 14, 2016 and April 21, 2016 respectively.  Both letters were successfully mailed and not returned undelivered by the USPS.

Following expiration of the 30 day written notice period required under the FDCPA, Blatt prepared the State Court Lawsuit that was ultimately filed against Guynn on June 29, 2016. Blatt's Suit Dictation specialist utilized a comprehensive Lawsuit Dictation/Approval checklist, validating required fields in the checklist, including ensuring correct venue, against the individual Guynn account. Next, Blatt's Suit Dictation specialist confirmed Guynn's residential address, 6352 Stonecreek Dr., Indianapolis, IN 46268, by reviewing the Marion County Assessor website. Blatt confirmed Guynn's residential address prior to filing the State Court Lawsuit on behalf of BANA because the FDCPA requires debt collectors to "bring such action only in the judicial district…in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i.

After the Guynn account information was validated, Blatt's Suit Dictation specialist loaded all appropriate pleading documents into a Suitwork Document Approval queue for attorney review. Blatt's attorney, pursuant to the governing Suit Decision and Approval Process Policy and Procedure, reviewed the Guynn State Court Lawsuit packet, utilizing the Lawsuit Dictation/Approval checklist to validate information, including ensuring the lawsuit would be filed in the correct venue. Eventually, the State Court Lawsuit was approved and filed with the Marion Superior Court. Blatt has shown that any violation of the FDCPA resulting from Blatt's filing the State Court Lawsuit in Marion County, Indiana was unintentional.

**B. If the Guynn lawsuit was filed in an incorrect venue, such violation resulted from a bona fide error.**

Blatt filed the State Court Lawsuit in Marion County, Indiana based on a good faith, genuine belief that Guynn resides in Marion County, Indiana.  Courts have found that the "bona fide" component of the bona fide error defense serves to impose an objective standard of reasonableness upon the asserted unintentional violation.  Johnson v. Riddle, 443 F.3d 723, 729 (10th Cir. 2006).  Blatt was objectively reasonable when filing the State Court Lawsuit in Marion County, Indiana because all available evidence confirms that Guynn resides in Marion County, Indiana.  Any alleged violation was the result of a mistake of fact, not a mistake of law.  (See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 594 (2010) ("Lawyers can, of course, invoke § 1692k(c) for violations resulting from qualifying factual errors."))

First, neither Bowman Heintz's initial written notice letter of March 14, 2016, nor Blatt's initial written notice letter of April 21, 2016 was returned undelivered from the USPS.  Second, neither Bowman Heintz nor Blatt received a telephone call from Guynn indicating that he did not live in Indianapolis, Indiana. Third, the United States Post Office verified Guynn's P.O. Box located at P.O. Box 68613, Indianapolis, IN 46268, in Marion County, Indiana.  Fourth, neither Bowman Heintz, Blatt, nor RevSpring received any record from the NCOA database indicating that Guynn did not reside in Marion County, Indiana.  Fifth, Guynn's BANA billing statements were addressed to 6352 Stonecreek Dr., Indianapolis, IN 46268.  Sixth, Guynn's most recent BANA Notice of Change of Account Terms,

dated September 2013, was also mailed to 6352 Stonecreek Dr., Indianapolis, IN 46268.   Lastly, Blatt, on June 20, 2016, reviewed the Marion County, Indiana Assessor website which confirms that Guynn is the owner of the property located at 6352 Stonecreek Dr., Indianapolis, IN 46268, and provides Guynn's address as 6352 Stonecreek Dr., Indianapolis, IN 46268.

Blatt does not routinely commit error by filing lawsuits against consumers in the wrong venue, and did not do so in this case.   Any violation of the FDCPA resulting from Blatt's filing the State Court Lawsuit in Marion County, Indiana resulted from a bona fide error.

### C. If the Guynn lawsuit was filed in an incorrect venue, such violation occurred despite Blatt's maintenance of procedures reasonably adapted to avoid such error.

The FDCPA does not require debt collectors to take every conceivable precaution to avoid errors; instead, debt collectors must take reasonable precaution and adopt procedures reasonably adapted to avoid such error.   Kort, 394 F.3d at 539.  Blatt utilizes numerous procedures and processes reasonably adapted to verify correct venue before a lawsuit is filed against a consumer.

Blatt has and Bowman Heintz had an electronic interface to receive file information in an electronic or digital format.  This process eliminates the chance for clerical errors in database transmission.  Thereafter, Data Operations Clerks are trained to review information received from clients and are responsible for issuing initial written notice letters which are produced by the computer.  Attorneys then review initial written notice letters and are tasked with ensuring all

information is accurate before approval.  Blatt utilizes and Bowman Heintz utilized RevSpring to mail its initial written notice letters.  RevSpring is in the business of processing and sending collection letters for its clients, providing and utilizing ACS and the NCOA database to verify consumer addresses.

Blatt's suit decision process commences following expiration of the 30 day written notice period required under the FDCPA.  Blatt's Suit Dictation specialist accesses accounts appropriate for the generation of a lawsuit by utilizing a comprehensive Lawsuit Dictation/Approval checklist and validating the required fields in the checklist against the individual account.  In this case, Blatt's Suit Dictation specialist confirmed Guynn's residential address as 6352 Stonecreek Dr., Indianapolis, IN 46268 by reviewing the Marion County Assessor website.  The Blatt Suit Dictation specialist then input appropriate pleading documents based on a proprietary matrix for the correct jurisdiction, Marion County, before loading the pleading documents into a Suitwork Document Approval queue for attorney review. Thereafter, Blatt's attorney reviewed the Guynn State Court Lawsuit pursuant to the appropriate Suit Decision and Approval Policy and Procedure, utilizing the Lawsuit Dictation/Approval checklist to validate information, including but not limited to, ensuring the lawsuit would be filed in the correct venue.  After approval, Blatt filed the State Court Lawsuit in Marion Superior Court.

Blatt utilizes extensive policies and procedures reasonably adapted to check for and avoid errors such as filing lawsuits against consumers in an incorrect venue. When Blatt prepared the State Court Lawsuit, it had no reason to believe Marion

County, Indiana was an incorrect venue.  Furthermore, Blatt has yet to receive any evidence indicating that Guynn does not reside in Marion County, Indiana.  Blatt established by a preponderance of evidence that the alleged violation (1) was unintentional; (2) was the result of a bona fide error; and (3) occurred even though Blatt maintained procedures reasonably adapted to check for and avoid such errors. Blatt prevails under the FDCPA's bona fide error defense and requests that the Court enter summary judgment in its favor.

## CONCLUSION

Blatt, as required by the FDCPA, properly brought the State Court Lawsuit against Guynn in Marion County, Indiana – the judicial district where Guynn resided at the commencement of the State Court Lawsuit action.  Blatt requests that the Court award summary judgment because no violation of the FDCPA occurred.

However, in the event that the Court finds Guynn did not reside in Marion County, Indiana at the commencement of the State Court Lawsuit action, and Blatt violated the FDCPA by filing the State Court Lawsuit in an incorrect venue, Blatt prevails under the FDCPA's bona fide error defense.  Blatt established by a preponderance of evidence that the alleged violation (1) was unintentional; (2) was the result of a bona fide error; and (3) occurred even though Blatt maintained procedures reasonably adapted to check for and avoid such errors.

**WHEREFORE**, Defendant, Blatt, Hasenmiller, Leibsker & Moore, LLC, requests that this Court enter judgment in its favor and against Plaintiff, Peter M. Guynn, on Plaintiff's Complaint.

Respectfully submitted,

BLATT, HASENMILLER, LEIBSKER & MOORE, LLC

By:     _/s/ Christopher M. Manhart_____
        Christopher M. Manhart
        Attorney No. 26729-49
        Blatt, Hasenmiller, Leibsker & Moore, LLC
        8605 Broadway
        Merrillville, IN 46410
        Phone: (219) 769-6671
        Fax: (219) 738-3044
        Email: cmanhart@bhlmlaw.com

27

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2017, a copy of the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was filed electronically.  Service of this filing will be made on the following ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Robert E. Duff
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN 46037
Robert@robertdufflaw.com


BLATT, HASENMILLER, LEIBSKER & MOORE, LLC


By:      /s/ Christopher M. Manhart
Christopher M. Manhart
Attorney No. 26729-49
Blatt, Hasenmiller, Leibsker & Moore, LLC
8605 Broadway
Merrillville, IN 46410
Phone: (219) 769-6671
Fax: (219) 738-3044
Email: cmanhart@bhlmlaw.com