UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PETER M. GUYNN,<br><br>                Plaintiff,<br><br>v.<br><br>BLATT, HASENMILLER, LEIBSKER & MOORE, LLC,<br><br>                Defendant. | CASE NO.:  1:16-cv-02177-SEB-DKL |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Peter M. Guynn has moved the Court for summary judgment on his claim for violation of the Fair Debt Collection Practices Act against Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC.  Dkt. 38.  Defendant has also moved for summary judgment on Plaintiff's claims.  Dkt. 36.  Plaintiff submits this combined brief in support of his motion for summary judgment and in opposition to Defendant's.

I.        RELEVANT LEGAL BACKGROUND

The Fair Debt Collection Practices Act ("FDCPA") was passed by Congress with the stated goal of protecting consumers from debt collection abuses.  15 U.S.C. § 1692.  One of the ways the FDCPA attempts to accomplish that goal is by forcing debt collectors to sue consumers either where the contract being sued upon was signed or where the consumer resides.  15 U.S.C. § 1692i(a).  The purpose of this provision is to prevent venue abuse by debt collectors suing consumers in distant and inconvenient

forums.  National Consumer Law Center, Fair Debt Collection (8th ed. 2014), *updated at* www.nclc.org/library, § 5.9.

II.     STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Plaintiff contends the following facts are not genuinely disputed:

In 2006, Plaintiff was living in Ypsilanti, Michigan when he opened a credit card with Bank of America.  Dkt. 38-1 (Affidavit of Peter M. Guynn), ¶ 3.  Plaintiff defaulted on the account in 2013.  *Id.*, ¶ 4.

Meanwhile, Plaintiff bought a home in 2009 located at 6352 Stonecreek Drive, Indianapolis, Indiana 46268.  *Id.*, ¶ 5.  He lived there until February 2014, when he was transferred by his employer to a job located in Edwardsville, Illinois.  *Id.*, ¶¶ 6-7.  Plaintiff did not know how long this assignment would last, so he rented an apartment in Edwardsville, transferred his bills to electronic billing and had his mail forwarded to a post office box in Indianapolis.  *Id.*, ¶¶ 8-11.  Plaintiff lived at the apartment in Edwardsville from February 2014 to September 2016, and moved back in to the Stonecreek Driver property on October 1, 2016.  *Id.*, ¶¶ 11-16.

On or about March 8, 2016, Defendant[1] received a New Business Download from Bank of America directing Defendant to file a collection lawsuit against Plaintiff on the credit card debt.  Dkt. 37-1 (Affidavit of Thomas A. Burris), ¶¶ 3-4.  The New Business Download listed Plaintiff's address as P.O. Box 68613, Indianapolis, IN 46268.  *Id.*, ¶ 5.  Nevertheless, Defendant entered Plaintiff's address in their system as "6352 Stonecreek

---

[1] The debt was originally sent to the law firm of Bowman, Heintz, Boscia & Vician, P.C. for collection from Plaintiff.  Dkt. 37-2, ¶ 3.  Bowman, Heintz, Boscia & Vician, P.C. was acquired by Defendant about April 16, 2016.  *Id.*, ¶ 19.  Unless otherwise noted, the distinction between the two law firms is immaterial to this lawsuit and they will be collectively referred to as "Defendant.

2

Drive, Indianapolis, IN 46268," which came from old statements that were provided to Defendant by Bank of America, because Defendant needed a residential address at which to serve the complaint and summons. *See* Dkt. 38-1 (same as Dkt. 37-5, p. 142); Dkt. 37-3, ¶ 14; Dkt. 37-4, p. 14 lns. 19-21; Dkt. 37-4, pp. 31-32 lns. 20-4.

On or about March 11, 2016, Defendant requested its third party letter vendor, RevSpring, to send an initial dunning letter to Plaintiff at the Stonecreek Drive address. Dkt. 37-3, ¶ 14. RevSpring advised Defendant that Plaintiff had changed his mailing address to the P.O. Box address, and Defendant approved sending the letter to the P.O. Box. *Id.*, ¶ 15; Dkt. 37-2, ¶¶ 16-17. The letter was then sent to the P.O. Box address and not returned as undeliverable. Dkt. 37-2, ¶ 18.

Also on March 11, 2016, Defendant sent a request to the United States Post Office seeking the street address of Plaintiff by providing his name and P.O. Box address. *Id.*, p. 34; Dkt. 37-4, p. 23 lns. 4-23. The United States Post Office responded "GOOD AS ADDRESSED." *Id.*

On April 20, 2016, because Defendant acquired the previous law firm collecting the debt, Defendant requested RevSpring send another initial dunning letter (this time in Defendant's name) to Plaintiff. Dkt. 37-2, ¶ 20. Inexplicably, Defendant again requested the letter be sent to the Stonecreek Drive address. Dkt. 37-3, ¶ 16. RevSpring again advised Defendant that Plaintiff had changed his mailing address to the P.O. Box address. *Id.*, ¶ 17; Dkt. 37-2, ¶ 21. Defendant again approved the mailing to the P.O. Box address, and RevSpring complied. Dkt. 37-3, ¶ 17; Dkt. 37-2, ¶ 22. The letter was not returned as undeliverable. Dkt. 37-2, ¶ 23.

Defendant filed a debt collection lawsuit against Plaintiff in Marion County Superior Court on June 29, 2016. *Id.*, p. 19.

III. ARGUMENT

a. Violation of § 1692i

The elements of Plaintiff's claim under 15 U.S.C. § 1692i are simple. Plaintiff must prove that Defendant: (1) brought a debt collection lawsuit; and (2) in a venue other than where the plaintiff resides at the commencement of the action or signed the contract sued upon. 15 U.S.C. § 1692i(a). The fact that Defendant sued Plaintiff in Marion County Superior Court is not disputed. Dkt. 37-2, p. 19. Neither is the fact that Plaintiff did not sign the contract sued upon in Marion County. Dkt. 38-1, ¶ 3.

Defendant argues in its brief that its evidence shows as matter of law that Plaintiff resided in Marion County on June 29, 2016. Dkt. 37, pp. 15-17. Not only does Defendant's evidence not establish that Plaintiff resided in Marion County on June 29, 2016, in light of Plaintiff's very strong evidence showing that Plaintiff did not reside in Marion County at that time Defendant's evidence is not even sufficient to raise a genuine issue of a material fact.

In support of Plaintiff's Motion for Summary Judgment, Plaintiff has submitted the affidavit of Plaintiff. Dkt. 38-1. Plaintiff avers that he lived in Edwardsville, Illinois from February 17, 2014 to October 1, 2016. *Id.* Plaintiff supports this assertion with a copy of his lease (Exhibit A), e-mails from his landlord documenting that Plaintiff paid rent for the apartment through September 2016 and then moved out (Exhibit B), a copy of an electric bill in Plaintiff's name for the apartment address for March/April 2016 (Exhibit C) and a letter from the City of Edwardsville to Plaintiff from early 2016

4

(Exhibit D). *Id.* Plaintiff also provides an affidavit from his sister, Marjorie Ann Guynn, who was living at the address where Defendant asserts Plaintiff was residing June 29, 2016. Dkt. 38-2. Ms. Guynn avers that Plaintiff did not live at that address on June 29, 2016. *Id.*, ¶ 6.

In contrast, Defendant's evidence is simply not material to the issue of where Plaintiff resided and does nothing to undermine Plaintiff's sworn testimony that he resided in Edwardsville in June 2016. Defendant first points to the fact that Plaintiff owns the Stonecreek Drive property. Dkt. 37, p. 16. But ownership is not coterminous with residence. Many people reside where they don't own property and others own property where they don't reside. Particularly in light of Plaintiff's explanation that he did not know how long his out-of-state job transfer would last, Plaintiff's owning but not residing at the Stonecreek Drive property is every bit as plausible as his owning it and living there. Ownership is not proof of residence. Defendant next argues that Plaintiff received billing statements at the Stonecreek Drive address, *id.*, but this was prior to Plaintiff's change of address from the Stonecreek Drive address to the P.O. Box address and is therefore not probative.

Defendant next argues that Guynn was served with the lawsuit at the Stonecreek Drive address and answered the complaint. *Id.* But Plaintiff's sister explains in her affidavit that she received the process while living at the Stonecreek Drive address and gave it to Plaintiff. Dkt. 38-2, ¶ 8. Finally, Defendant argues that internet, voter records and driver's license searches performed by Defendant after this lawsuit was filed failed to produce evidence of Plaintiff living at the P.O. Box address. Dkt. 37, pp. 16-17. However, considering Plaintiff's explanation that his work assignment was potentially

(and ultimately) temporary, this is understandable. It does not impugn the veracity of either Plaintiff or his sister's affidavits.

The undisputed material evidence leads to only one reasonable conclusion: Defendant filed a debt collection lawsuit against Plaintiff in a venue where Plaintiff was neither living nor signed the contract sued upon. Plaintiff is therefore entitled to summary judgment on liability under his § 1692i claim.

      b. Defendant's Bona Fide Error Defense

The Fair Debt Collection Practices Act contains an affirmative defense that has come to be known as the bona fide error defense. 15 U.S.C. § 1692k(c); *Kort v. Diversified Collection Servs.*, 394 F.3d 530, 536 (7th Cir. 2005). "Under this defense, "'[a] debt collector may not be held liable [under the FDCPA] if the debt collector shows by a preponderance of evidence that the *violation* was not intentional and resulted from a bona fide *error* notwithstanding the maintenance of procedures reasonably adapted to avoid any such *error*.' 15 U.S.C. § 1692k(c) (emphasis added)." *Id.* The elements of the defense therefore are: (1) the presumed violation was not intentional; (2) the presumed violation resulted from a bona fide error; and (3) the defendant maintained procedures reasonably adapted to avoid the specific error. *Id.* at 537. If Defendant does not come forward with evidence showing that it can prevail on each element of the affirmative defense, Plaintiff is entitled to summary judgment on the bona fide error defense.

Defendant contends that it is entitled to summary judgment on the bona fide error defense. Dkt. 37, pp. 17-26. Defendant spends pages of its brief detailing generic procedures that it goes through before filing a collection lawsuit. *Id.* But these generic

6

procedures are just window dressing to hide what Defendant really did and didn't do in filing suit against Plaintiff. Here are the undisputed material facts:

- Bank of America told Defendant that Plaintiff's mailing address was the P.O. Box address in the New Business Download; Dkt. 37-1, ¶ 5;

- Defendant nevertheless entered the Stonecreek Drive address as Plaintiff's address in its system; *see* Dkt. 38-3 (same as Dkt. 37-5, p. 142); Dkt. 37-3, ¶ 14;

- The United States Postal Service told Defendant that Plaintiff's mailing address was the P.O. Box address; Dkt. 37-2, p. 34;

- Defendant asked that the first dunning letter be sent to Plaintiff at the Stonecreek Drive address, but RevSpring advised Defendant that Plaintiff's mailing address had been changed to the P.O. Box address and the letter was sent to that address; Dkt. 37-2, ¶¶ 16-18; Dkt. 37-3, ¶ 14;

- Defendant still did not change Plaintiff's address in its system because about five weeks later it again asked RevSpring to send the second dunning letter to Plaintiff at the Stonecreek Drive address; RevSpring again advised Defendant that Plaintiff's mailing address had been changed to the P.O. Box address and the letter was sent to that address; Dkt. 37-2, ¶¶ 20-22; Dkt. 37-3, ¶¶ 16-17;

- Defendant then files a lawsuit against Plaintiff in Marion County and attempts to serve him at the Stonecreek Drive address; Dkt. 37-2, pp. 19, 32.

So, having been told by Bank of America that Plaintiff's mailing address had been changed to the P.O. Box address, by the United States Postal Service that the P.O. Box address was current and advised twice by RevSpring the Plaintiff had officially changed his address from the Stonecreek Drive address to the P.O. Box address, Defendant nevertheless filed a lawsuit against Plaintiff based on the Stonecreek Drive address <u>without doing any additional investigation</u>. This cannot be a bona fide error.[2]

According to Defendant, it did do one thing before filing the lawsuit against Plaintiff. Defendant contends that it confirmed Plaintiff's continued ownership of the Stonecreek Property by accessing the Marion County Assessor's website. Dkt. 37, pp. 8, 22. However, Defendant relies upon the Affidavit of Gerald E. Bowman for this evidence. *See* Dkt. 37, p. 8; Dkt. 37-2, ¶ 25(b). Mr. Bowman states that a "Suit Dictation specialist" viewed the website rather than Mr. Bowman personally. This means that Mr. Bowman does not have personal knowledge of viewing the website and cannot testify about it because that is classic hearsay prohibited by Federal Rule of Civil Procedure 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). The evidence that Defendant purportedly visited the Marion County Assessor's website must therefore be disregarded.

---

[2] Defendant cites to and relies upon the case of *Parkis v. Arrow Financial Services, LLC*, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill. January 8, 2008). *Parkis* is easily distinguishable. In *Parkis*, the court noted in its opinion that the plaintiff admitted that prior to filing the state court collection lawsuit the law firm "had no reason to believe the Cook County address was not good as [the law firm] had received no indication that the address was in error. Here, in contrast, Defendant had been advised no less than four times by outside sources of an issue with the Stonecreek Drive address and refused correct, acknowledge or even investigate it..

8

Even if it is considered, the evidence demonstrates that Plaintiff is entitled to judgment as a matter of law on Defendant's bona fide error defense. Defendant knew that Plaintiff had changed his mailing address from the Stonecreek Drive address to the P.O. Box address, having been advised of this multiple times. The most likely and reasonable inference from this fact is that Plaintiff had moved away from the Stonecreek Drive address. Of course it is possible that Plaintiff continued to reside at the Stonecreek Drive address or moved to another address in Marion County, but neither the fact that the P.O. Box address is in Marion County nor the fact that Plaintiff still owns the Stonecreek Drive property in any way confirms that. And yet Defendant admits that it did absolutely nothing to confirm that Plaintiff will still living in Marion County or to locate Plaintiff's new residence. Dkt. 37-4, pp. 43-44 lns. 5-25, 1-12. For instance, Defendant could have done all of its skip tracing, voter records searches and driver's license searches *before* filing suit. Instead, Defendant waited until after Plaintiff filed this lawsuit to undertake those easy measures. *See* Dkt. 37, pp. 11-14 ¶¶ 39-51. Or, Defendant could have undertaken one or more of these steps:

- Call Plaintiff and ask him for the address of his current residence;

- Send a letter to Plaintiff at the P.O. Box address and ask him to call Defendant concerning an important matter;

- Send a letter to Plaintiff at the P.O. Box address and ask him to provide the address of his current residence by phone call or letter;

- Send a certified mailing (return receipt requested) to Plaintiff at the Stonecreek Drive address and see if he signs for it; or

- Hire a private process server to go to the Stonecreek Drive address and confirm that Plaintiff is living there.

But Defendant did none of these or the myriad of other things it could have done to determine where Plaintiff was living.

Instead of undertaking its own due diligence, Defendant now attempts to blame Plaintiff:

- "When Blatt prepared the State Court Lawsuit against Guynn, Blatt had no reason to believe Marion County, Indiana was an incorrect venue…;" Dkt. 37, p. 9;
- "Neither Bowman Heintz nor Blatt received a telephone call from Guynn indicating that he did not live in Indianapolis, Indiana;" Dkt. 37, p. 10;
- "(N)o one from Blatt had any information indicating that Marion County, Indiana was not the correct venue to file a lawsuit;" Dkt. 37, p. 11.

Unfortunately for Defendant, 15 U.S.C. § 1692i places a clear affirmative duty on a debt collector to make a determination that the prospective defendant either resides or signed the contract in the judicial district *before* filing suit.  Contending that "we had no information otherwise" not only does not satisfy that duty, but Defendant by having to rely on such an argument has tacitly admitted that it did nothing in this case to confirm that Plaintiff lived in Marion County before Defendant filed suit.

In light of this, Defendant cannot carry its burden on any of the elements of the bona fide error defense.  First, the violation was intentional.  Defendant knew that Plaintiff had changed his mailing address with the United States Postal Service away from the Stonecreek Drive address.  The most reasonable inference that arises from this

information is that Plaintiff does not reside at the Stonecreek Drive address anymore. Yet, knowing this, Defendant did nothing to confirm Plaintiff is still living at the Stonecreek Drive address and filed its debt collection lawsuit against Plaintiff in Marion County even though it had no information that Plaintiff was actually residing there. Filing a lawsuit against a consumer without having any reasonable basis to believe she either is living there or signed the contract there is an intentional violation of the FDCPA.

Second, Defendant does not identify a bona fide error. This is understandable since the undisputed material facts show that there was no bona fide error. Defendant had no objectively reasonable basis[3] to believe that Plaintiff lived at the Stonecreek Drive address or elsewhere in Marion County, so Defendant did not make a genuine mistake in suing Plaintiff there. Defendant made a conscious decision to ignore the facts and file the lawsuit without conducting any further investigation into where Plaintiff was living. That decision was not objectively reasonable and cannot constitute a bona fide error.

Third, while Defendant argues that "numerous procedures and processes" were in place that were purportedly adapted to verify correct venue, Dkt. 37, p. 25, Defendant does not provide specifics of what those procedures were and how they were adapted to prevent the filing of a lawsuit in a venue without a reasonable basis to believe the defendant resided there. When Plaintiff tried to pin down Defendant on exactly what the policy was, Defendant's 30(b)(6) witness said this:

> Well, appropriate jurisdiction to both the group who is dictating the lawsuit and to the attorney approving it would mean appropriate jurisdiction under Indiana law and under federal law. So it would be the county in which the person resided at the time. So a determination would be made by

---

[3] Defendant notes, and Plaintiff agrees, that the second and third elements of the bona fide error defense have an objective reasonableness component. Dkt. 37, p. 23 (citing *Johnson v. Riddle*, 443 F.3d 723, 729 (10th Cir. 2006).

11

>        the attorney reviewing what had been prepared by the suit
>        dictation department.  In this case the suit dictation
>        department validated the address, which was the same
>        address which was on the statements that were attached to
>        the affidavit of debt provided by the client, which together
>        with the lack of returned items on the mail, indicated that
>        the Marion County Stone Creek address was an appropriate
>        address for jurisdiction purposes to serve the complaint and
>        summons.

Dkt. 37-4, p. 42 lns. 1-15.  It appears from this statement that Defendant's policy was to approve a venue determination based on the address that was on statements sent to the consumer several years prior even though the consumer had since changed their mailing address to a post office box and letters mailed to the post office box had not been returned.  Such a policy is not reasonably adapted to avoid filing collection lawsuits against consumers in the wrong venue.  Although it is certainly possible for a person to continue living at an address and change their mailing address to a post office box, it is just as, if not more, likely that the person is no longer living at that address.  More has to be required of a reasonable policy or procedure at that point than simply assuming the person did not move.[4]  Defendant's procedures are simply not reasonably adapted to avoid filing a collection lawsuit in the wrong venue.

For the foregoing reasons, Defendant's bona fide error defense fails as a matter of law and Plaintiff is entitled to judgment on the affirmative defense.

>    IV.    CONCLUSION

No genuine issue of material fact exists.  Plaintiff is entitled to judgment as a matter of law on his claim for violation of 15 U.S.C. § 1692i(a) and on Defendant's bona

---

[4] And confirming that the person still owns the property is not sufficient because it is not indicative one way or the other of whether they still live there.

fide error affirmative defense. Because Plaintiff is not seeking actual damages, Plaintiff respectfully requests that the Court grant summary judgment to Plaintiff and award Plaintiff $1000 statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

Respectfully submitted,

s/ *Robert E. Duff*
Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN 46037
800-817-0461
robert@robertdufflaw.com

Certificate of Service

The undersigned counsel for Plaintiff hereby certifies that on June 5, 2017 I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which sent notification of the filing to all counsel of record.

s/ *Robert E. Duff*
Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN 46037
800-817-0461
robert@robertdufflaw.com